IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE LYNN CARPER, | |
| Plaintiff, | **8:19CV404** |
| vs. | |
| STATE OF NEBRASKA, NEBRASKA ATTORNEY GENERAL, HON. CJ HEAVICAN, Chief Justice, Nebraska Supreme Court; and HON. TWISS, Adams, Colfax County Judge; | **MEMORANDUM AND ORDER** |
| Defendants. | |

    This matter is before the court on correspondence from Plaintiff. (Filing No. 10.) In her letter, Plaintiff references the court's September 20, 2019 Memorandum and Order (filing no. 9) in which the court granted Plaintiff leave to proceed in forma pauperis and ordered her to pay an initial partial filing fee of $5.67, based on average monthly deposits in the amount of $28.33. Plaintiff now asserts that the Buffalo County Jail, where Plaintiff is detained, "does not allow any account balance or average monthly deposits" and she "does not receive any income credited as there is no prisoner account allowed in county jail." (Filing No. 10.) Plaintiff asks the court, "Please advise [as] this is not incarceration in prison which allows a prisoner account [and] I do not want summary dismissal under 28 USC 1915(b)(2) because of a standard assumption that county incarceration has a prisoner account and cannot forward payments from any agency having custody." (*Id*.)

    Liberally construed, Plaintiff asks the court to not require her to pay her initial partial filing fee because she does not have a prisoner account. Plaintiff's representation that she lacks any prisoner account at the Buffalo County Jail is

directly contradicted by the certified trust account statement filed with the court on September 20, 2019, and signed by Neil A. Miller, the authorized officer of the Buffalo County Jail, Inmate Accounting department. ([Filing No. 8](#).) This certified trust account statement sets forth Plaintiff's inmate account daily average balance, daily deposit average, and deposit history,[1] from which the court calculated Plaintiff's initial partial filing fee. Based on the information in the record, Plaintiff does have an inmate account with the Buffalo County Jail, and there is no indication that she may not direct jail officials to authorize payments to this court for her filing fee. In the past, the court has received filing fee payments from prisoner litigants confined in the Buffalo County Jail, and Plaintiff has presented no evidence that she should be an exception.

IT IS THEREFORE ORDERED that Plaintiff's correspondence ([filing no. 10](#)), construed as a request for relief from payment of the court's filing fees, is denied.

Dated this 1st day of October, 2019.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge

---

[1] Plaintiff's deposit history shows three deposits to her inmate account from an individual named Steven Wiegand in August and September totaling $85.00.