IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE LYNN CARPER, | **8:19CV404** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee who has been granted leave to proceed in forma pauperis and has paid the required initial partial filing fee. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff claims she has been unlawfully detained in jail, and more recently in the Lincoln Regional Center (for a competency evaluation), as the result of criminal charges that are pending against her for nonpayment of child support. A warrant for Plaintiff's arrest was issued by the County Court of Buffalo County, Nebraska, on July 27, 2018, after the County Attorney filed a complaint charging her with multiple violations of Neb. Rev. Stat. § 28-706, which makes it a Class IV felony to intentionally fail, refuse, or neglect to pay court-ordered child support. For relief, Plaintiff requests that she be released from custody, granted an immediate hearing regarding her ability to pay, and awarded damages. Named as Defendants are the State of Nebraska, the Nebraska Attorney General, the Chief Justice of the Nebraska Supreme Court, and the presiding County Court Judge.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *28* U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Webb v. Nebraska*, No. 8:19CV416, 2019 WL 5684393, at *4 (D. Neb. Nov. 1, 2019) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). "In addition, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity." *Id.* (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995)).

"The Eleventh Amendment does not bar suits against state officials seeking only prospective injunctive relief to end continuing violations of federal law." *Timmens v. Frakes*, No. 8:19CV222, 2020 WL 1890579, at *1 n. 1 (D. Neb. Apr. 16, 2020) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Here, Plaintiff claims

Defendants violated Title IV-D of the Social Security Act and deprived her of rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and she seeks prospective injunctive relief. However, this court does not have proper jurisdiction to grant the relief sought.

"The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal proceedings." *Harris v. Nebraska*, No. 8:20CV17, 2020 WL 1536047, at *2-3 (D. Neb. Mar. 31, 2020) (federal court could not intervene in state criminal proceedings to reinstate plaintiff's right to speedy trial); *see Titus v. Cobb*, No. 8:19CV151, 2020 WL 531953, at *4 (D. Neb. Feb. 3, 2020) (federal court could not vacate plaintiff's state court conviction or grant him conditional release during his appeal and postconviction proceedings); *Robinson v. Eatherton*, No. 8:19CV283, 2019 WL 3572873, at *6 (D. Neb. Aug. 6, 2019) (federal court could not remove plaintiff's bail bond or cause state criminal charges to be dismissed); *El v. Bitzes*, No. 8:18CV245, 2018 WL 4006769, at *3 (D. Neb. Aug. 22, 2018) (federal court could not cancel arrest warrant issued by state court).

Challenges to a pending state criminal prosecution may be raised in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, but before the Plaintiff files a petition in this court, she must first exhaust her remedies in state court. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction). The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493; *see Brown v. Johnson*, No. 8:19CV456, 2019 WL 5579590, at *1 (D. Neb. Oct. 29, 2019) (dismissing habeas petition on initial review).

## IV. CONCLUSION

Defendants are immune from suit for damages, and the court must abstain from considering Plaintiff's requests for injunctive relief. Out of an abundance of caution, however, the court on its own motion will give Plaintiff leave to amend. If an Amended Complaint is filed within 30 days, the court will conduct another initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. If an Amended Complaint

is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

Accordingly,

IT IS ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim on which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline in each case: July 6, 2020: check for amended complaint.

Dated this 3rd day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge